# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**VASSILIOS KUKORINIS,**     Case No:  8:22-cv-2630

    **Plaintiff,**

v.

**UNIVERSAL PROTECTION SERVICE, LLC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA") and Florida Statue Chapter 440.205. In support of their complaint, Plaintiff states as follows:

2. Plaintiff was employed by Defendant as an "Security Officer" and was paid on an hourly basis.

3. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

4. Defendant is a security service enterprise and provide related security and services in Hillsborough County, Florida.

5. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

6. At all times during Plaintiff's employment, Plaintiff was classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

7. Defendant owns and operates a security company in Hillsborough County, Florida.

8. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

9. At all times during his employment, Plaintiff was employed by Defendant as a non-exempt employee who was paid an hourly wage.

10. During the entirety of his employment, Plaintiff worked at least 45 hours per week.

11. Plaintiff was not paid overtime wages for all of the hours he worked while employed by Defendant.

12. Plaintiff was not subject to any overtime exemptions.

13. Defendant engaged in an illegal policy of requiring Plaintiff to work 45 or more hours in each workweek of his employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

14. Defendant did not record all of the time worked by Plaintiff during his employment, which is a direct violation of 29 C.F.R. § 516.

15. Defendant failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

16. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

17. As a result, Plaintiff often performed work for Defendant at a rate well below the appropriate premium wage because Plaintiff worked after hours in full-view of Defendant's management.

18. As of this date, Plaintiff still has not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

19. Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

20. Defendant is a for profit corporations that operate and conduct business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

21. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved security services and required Plaintiff to regularly communicate with out-of-state individuals and entities. Plaintiff was also required to travel from job site to job site using highways and by ways and other means of interstate travel.

22. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

23. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

24. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the security industry.

Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including goods, materials and supplies, who also travel across state lines, use telephones, fax machines and other instrumentalities of commerce.

25. At all material times relevant to this action, Plaintiff in his capacity as a security guard, and was individually covered by the FLSA.

26. Indeed, Plaintiff was regularly required to provide security services to locations that routinely and regularly received out-of-state shipments and deliveries.

27. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

28. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

29. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding

the precise number of overtime hours worked by Plaintiff during each week of his employment.

30. However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

31. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

32. While Plaintiff was employed by Defendant, Plaintiff was seriously injured on the job during his shift.

33. Plaintiff filed for workers' compensation benefits in order to secure medical treatment and care relating to his injuries.

34. After Plaintiff filed for workers' compensation benefits, Defendant took adverse actions against Plaintiff to punish Plaintiff for seeking medical treatment and care.

35. Defendant prevented Plaintiff from changing shifts despite his seniority. Defendant instead assigned the more favorable shifts to less senior employees, over Plaintiff's objections.

36. Defendant also refused to grant Plaintiff's leave requests because Plaintiff sought medical treatment and care for a work relate injury. Defendant

allowed other employees who had not filed for workers' compensation benefits take leave but did not allow Plaintiff to do so.

37. Defendant took adverse actions against Plaintiff because Plaintiff sought medical treatment and care. Those adverse actions include denying Plaintiff's leave requests and denying Plaintiff's requests to change his shift.

38. Plaintiff was damaged a direct result of the adverse action taken by Defendant.

## COUNT I – RECOVERY OF OVERTIME WAGES

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38, above.

40. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

41. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single work week.

42. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

43. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

44. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

45. Plaintiff demands a trial by jury.

### COUNT II. RETALIATION
### IN VIOLATION OF FLORIDA STATUTE § 440.205

46. The allegations of paragraphs 1 through 38 as set forth above are re-alleged in full and incorporated herein by reference.

47. Plaintiff was employed by Defendant as a security guard.

48. Defendant was Plaintiff's employer.

49. Plaintiff was injured on the job while working for Defendant.

50. Plaintiff informed Defendant of his workplace injuries and desire to seek medical care and treatment for his workplace injuries.

51. Plaintiff filed a claim for workers' compensation benefits.

52. Defendant was enraged by Plaintiff's desire to seek medical treatment for his workplace injuries.,

53. Defendant was enraged by Plaintiff filing a claim for workers' compensation benefits.

54. Defendant terminated Plaintiff's employment because he sought medical care and treatment for his workplace injuries.

55. Defendant terminated Plaintiff's employment because he filed a workers' compensation claim for benefits.

56. But for Plaintiff seeking medical care and benefits for his workplace injury, Defendant would not have terminated Plaintiff's employment.

57. But for Plaintiff filing a claim for workers' compensation benefits, Defendant would not have terminated Plaintiff's employment.

58. Plaintiff was damaged as a result of Defendant's decision to terminate his employment because he sought medical care and treatment and filed a workers' compensation claim.

WHEREFORE, Plaintiff demands judgment and damages against Defendant, including, but not limited to, back pay, front pay, reinstatement, interest, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA and Florida Statue Chapter 440.205, and such other further relief as this Court deems just and proper.

DATED this 16th day of November, 2022.

/S/ Kyle J. Lee

Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com